RODERICK LEMORE HYMON, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 22839

March 25, 1993

849 P.2d 356

*Schieck & Derke,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex A. Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, and *Ulrich W. Smith,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Roderick Hymon ("Hymon") was convicted by a

jury of attempted robbery with use of a deadly weapon and battery with use of a deadly weapon. For the reason set forth below, we reverse the judgment and remand for a new trial.

The battery and attempted robbery occurred on April 14, 1991. Two days later, the police arrested Hymon on an unrelated charge and photographed him pursuant to booking procedures. At the commencement of trial, Hymon moved to introduce the booking photo into evidence. Hymon argued that this booking photo was exculpatory in that it portrayed him differently from the description the victim in the instant case gave of her assailant. Hymon's counsel refused to introduce the booking photo because it would open the door for the State to inquire into Hymon's subsequent arrest. Hymon's counsel believed that the harm from such an inquiry would outweigh the benefit derived from the admission of the photo. The trial court agreed with Hymon's counsel and denied Hymon's motion.

Later in the trial, after Hymon's alibi witness testified, the State moved the court for permission to use evidence of Hymon's other bad acts on rebuttal, in order to show identity and absence of mistake. The trial court granted the State's motion. Hymon then renewed his request to introduce the booking photo into evidence. The trial court again denied the request. This was prejudicial error. In denying Hymon's initial request to admit the photo, the trial court properly deferred to the tactical concerns of Hymon's counsel. However, after the trial court granted the State's motion to use evidence of Hymon's other bad acts, the justification for denying Hymon the right to use the booking photo was moot.

NRS 47.040 states:

> (1) . . . error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . (b) in case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer . . . .

We hold that a substantial right of Hymon was affected. Hymon wanted to introduce the booking photo into evidence because he felt that it was exculpatory. Because the excluded evidence related to a material point in issue, the identity of the perpetrator, Hymon was unduly prejudiced. Hymon gave a timely offer of proof as required by NRS 47.040. The erroneous exclusion of evidence by the trial court, affecting a substantial right of Hymon, requires this court to reverse Hymon's convictions and remand this matter for a new trial.